[Cite as *State v. Price*, 2013-Ohio-5329.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

     Plaintiff-Appellee,                  :

                                             No. 13AP-344

v.                                               :         (C.P.C. No. 10CR-09-5332)

David E. Price,                                  :         (REGULAR CALENDAR)

     Defendant-Appellant.                :

---

D E C I S I O N

Rendered on December 5, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*David E. Price*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, David E. Price, appeals from the April 3, 2013 judgment of the Franklin County Court of Common Pleas, which denied appellant's January 31, 2013 motion for jail-time credit. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.

## I. BACKGROUND

{¶ 2} Appellant was convicted of possession of heroin, a second-degree felony, in violation of R.C. 2925.11. The trial court sentenced appellant to three years in prison and awarded 187 days of jail-time credit. Appellant did not pursue a direct appeal.

{¶ 3} On February 13, 2012, appellant filed a motion for jail-time credit claiming he was not credited for 11 days of jail time for the period of time he was incarcerated at the

Franklin County Jail from August 8, 2009, the day he was arrested, to August 19, 2009, when the municipal court complaint was dismissed for future indictment, and appellant was released from jail. In response, appellee argued appellant's motion is barred by the doctrine of res judicata because appellant did not raise this issue at sentencing or on direct appeal. Appellant responded, arguing his claim is not barred by the doctrine of res judicata because he requested the correction of a mathematical error in the calculation of his jail-time credit. In denying appellant's claim, the trial court held "any claimed errors in jail-time credit computation can and should be raised at the time of sentencing or on direct appeal." (Mar. 23, 2012 Decision and Entry Denying Defendant's Motion for Jail-Time Credit, Filed Feb. 13, 2012.) Appellant did not appeal from that decision.

{¶ 4} On January 31, 2013, appellant filed a second motion for jail-time credit requesting the same 11 days of credit. In response, appellee filed a memorandum contra arguing the trial court should dismiss appellant's claim consistent with its prior decision. In denying appellant's claim, the trial court held "[d]efendant's claim is barred as any claimed errors in jail-time credit computation can and should be raised at the time of sentencing or on direct appeal," and the trial court no longer has "procedural authority" to modify appellant's sentence. (Apr. 3, 2013 Decision and Entry Denying Defendant's Motion for Jail-Time Credit, Filed Jan. 31, 2013.) This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶ 5} Appellant brings the following assignment of error for our review:

> The Court [erred] in miscalculating the jail time credit days already served by the Appellant-Defendant, violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Ohio Revised Code §2967.191.

## III. DISCUSSION

{¶ 6} In appellant's sole assignment of error, he alleges the trial court miscalculated the jail-time credit owed to him. A review of the record reveals neither party at the trial level addressed the application of R.C. 2929.19(B)(2)(g)(iii), effective September 10, 2012, and its applicability to appellant's motion. Accordingly, before we reach the merits of appellant's assignment of error, we must determine whether the trial

court was required to consider R.C. 2929.19(B)(2)(g)(iii) to appellant's motion for jail-time credit.

{¶ 7}   R.C. 2929.19, via the enactment of H.B. No. 487 and S.B. No. 337 by the 129th General Assembly, was amended to include section (B)(2)(g)(iii), which states:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section.  The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.  If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay.  Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

{¶ 8}   Recently, this court remanded a motion for jail-time credit to the trial court to be considered under R.C. 2929.19(B)(2)(g)(iii) where the motion was filed after September 10, 2012.  *State v. Lovings*, 10th Dist No. 13AP-303 (Dec. 5, 2013).  As in *Lovings*, here, appellant filed the motion for jail-time credit at issue after the September 10, 2012 effective date of R.C. 2929.19(B)(2)(g)(iii).  Accordingly, we find the trial court was required to consider R.C. 2929.19(B)(2)(g)(iii) when ruling on appellant's motion.

{¶ 9}   A review of the trial court's entry denying appellant's January 31, 2013 motion for jail-time credit lacks consideration of, and reference to, R.C. 2929.19(B)(2)(g)(iii).  Although appellee argues R.C. 2929.19(B)(2)(g)(iii) is inapplicable for several reasons, we decline to address the statute and its application here in the first instance and, instead, remand the issue for the trial court to interpret R.C. 2929.19(B)(2)(g)(iii) and determine its applicability to appellant's motion.  *Lovings* at ¶ 12; *State v. Wilson*, 10th Dist. No. 13AP-205, 2013-Ohio-4799, ¶ 12, citing *Young v. Univ. of Akron*, 10th Dist. No. 06AP-1022, 2007-Ohio-4663, ¶ 22.

{¶ 10} Based on the foregoing, we remand this matter for the trial court's consideration of R.C. 2929.19(B)(2)(g)(iii) in determining appellant's motion for jail-time credit.

## IV. CONCLUSION

{¶ 11} Accordingly, appellant's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with the above instructions.

*Judgment reversed;*
*cause remanded with instructions.*

KLATT, P.J., and BROWN, J., concur.

_____