[Cite as *State v. Lovings*, 2013-Ohio-5328.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

      Plaintiff-Appellee,              :            No. 13AP-303
                                  (C.P.C. No. 09CR-12-7796)
v.                                         :            No. 13AP-304
                                  (C.P.C. No. 11CR-05-2816)
Jason M. Lovings,                          :

      Defendant-Appellant.            :            (ACCELERATED CALENDAR)

---

D E C I S I O N

Rendered on December 5, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Jason M. Lovings*, pro se.

---

APPEALS from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} In this consolidated appeal, defendant-appellant, Jason M. Lovings, appeals from the judgments of the Franklin County Court of Common Pleas, which denied appellant's motions for jail-time credit. For the following reasons, we reverse the judgments of the trial court and remand for further proceedings.

## I. BACKGROUND

{¶ 2} In case No. 13AP-303, appellant was convicted of burglary, a fourth-degree felony, in violation of R.C. 2911.12, and vandalism, a fifth-degree felony, in violation of R.C. 2909.05. The trial court sentenced appellant to consecutive prison sentences of 18 months and 12 months, respectively, but suspended the sentences upon appellant's successful completion of four years of community control. While on community control,

appellant was convicted of attempted escape, a fourth-degree felony, in violation of R.C. 2923.02, as it relates to R.C. 2921.34 in case No. 13AP-304.

{¶ 3} Because appellant's conviction for attempted escape was a violation of appellant's community control, the trial court, on December 16, 2011, revoked appellant's community control and resentenced appellant in case No. 13AP-303 and sentenced appellant for the first time in case No. 13AP-304. In case No. 13AP-303, the trial court reinstated the remaining balance of appellant's previously imposed prison sentence and awarded appellant 253 days of jail-time credit. In case No. 13AP-304, the trial court sentenced appellant to 12 months in prison to be served concurrently with his sentence in case No. 13AP-303 and awarded appellant 214 days of jail-time credit.[1]

{¶ 4} On February 12, 2013, appellant filed an identical motion for jail-time credit in case Nos. 13AP-303 and 13AP-304. Relying on *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, appellant argued the trial court erred when it failed to award him jail-time credit in the amount of 467 days in both cases. In response, appellee argued *Fugate* is inapposite to appellant's position and that applying the total number of days credited in multiple cases is only afforded to consecutive sentences.

{¶ 5} In denying appellant's motions, the trial court held "[t]his Court is without authority to modify a sentence once a Defendant has been received by the Ohio Department of Rehabilitation and Corrections." (Mar. 12, 2013 Entry Denying Defendant's Motion for Jail-Time Credit, Filed Feb. 12, 2013.) This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶ 6} Appellant brings the following assignment of error for our review:

> THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S CRIM.R. 36 MOTION TO CORRECT A MISCALCULATION, OMISSION, OR OVERSIGHT OF JAIL TIME CREDIT.

## III. DISCUSSION

{¶ 7} Appellant's sole assignment of error alleges the trial court miscalculated the jail-time credit owed to him. A review of the record reveals that neither party, at either the trial level or here on appeal, addressed the applicability of R.C. 2929.19(B)(2)(g)(iii), effective September 10, 2012, and its effect on appellant's motions. Accordingly, before

---

[1] Appellant did not file a transcript of the December 16, 2011 hearing.

we reach the merits of appellant's assignment of error, we must determine whether the trial court was required to apply R.C. 2929.19(B)(2)(g)(iii) to appellant's motions for jail-time credit.

{¶ 8}   R.C. 2929.19, via the enactment of H.B. No. 487 and S.B. No. 337 by the 129th General Assembly, was amended to include section (B)(2)(g)(iii), which states:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

{¶ 9}   Although this court has yet to consider R.C. 2929.19(B)(2)(g)(iii), our research reveals that R.C. 2929.19(B)(2)(g)(iii) has been briefly considered in two separate concurring opinions from other districts. *State v. Fitzgerald,* 8th Dist. No. 98723, 2013-Ohio-1893; *State v. Papczun,* 9th Dist. No. 26560, 2013-Ohio-1162. Both cases support the proposition that R.C. 2929.19(B)(2)(g)(iii) is to be applied to motions for jail-time credit filed after the statute's effective date.

{¶ 10} In the present cases, appellant filed motions for jail-time credit on February 12, 2013, after the September 10, 2012 effective date of R.C. 2929.19(B)(2)(g)(iii). Accordingly, we find the trial court was required to apply R.C. 2929.19(B)(2)(g)(iii) to appellant's motions for jail-time credit.

{¶ 11} A review of the trial court's entries denying appellant's motions for jail-time credit lacks consideration of, and reference to, R.C. 2929.19(B)(2)(g)(iii). We decline to address the statute and its application here in the first instance and, instead, remand the issue for the trial court to interpret and apply R.C. 2929.19(B)(2)(g)(iii). *State v. Wilson*, 10th Dist. No. 13AP-205, 2013-Ohio-4799, ¶ 12, citing *Young v. Univ. of Akron,* 10th Dist. No. 06AP-1022, 2007-Ohio-4663, ¶ 22.

{¶ 12} Based on the foregoing, we remand this matter for the trial court's consideration and application of R.C. 2929.19(B)(2)(g)(iii) in determining appellant's motions for jail-time credit.

## IV.  CONCLUSION

{¶ 13} Accordingly, appellant's sole assignment of error is sustained, the judgments of the Franklin County Court of Common Pleas are reversed, and this matter is remanded to that court for further proceedings in accordance with the above instructions.

*Judgments reversed;*
*cause remanded with instructions.*

KLATT, P.J., and BROWN, J., concur.

_____