[Cite as *State v. Cline*, 2013-Ohio-5399.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                  :

     Plaintiff-Appellee,                    :

                                       No. 13AP-548

v.                                             :        (C.P.C. No. 11CR-05-2625)

Mickey C. Cline, Jr.,                          :        (ACCELERATED CALENDAR)

     Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on December 10, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*,
for appellee.

*Mickey C. Cline, Jr.*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Mickey C. Cline, Jr., appeals from the judgment of the Franklin County Court of Common Pleas which denied appellant's motion for jail-time credit. For the following reasons, we reverse the judgment of the trial court and remand the matter for further proceedings.

## I. BACKGROUND

{¶ 2} Appellant was convicted of felonious assault, a second-degree felony, in violation of R.C. 2903.11. The trial court sentenced appellant to two years in prison and awarded 205 days of jail-time credit. Appellant did not pursue a direct appeal.

{¶ 3} On May 24, 2013, appellant filed a motion for jail-time credit claiming he should be released from prison earlier than scheduled because he was not credited for "10

days or so" of jail-time credit. (May 24, 2013 Motion for Jail Credit.) Appellee did not file a response. In denying appellant's motion, the trial court held "[t]his Court is without authority to modify a sentence once a Defendant has been received by the Ohio Department of Rehabilitation and Corrections." (June 6, 2013 Entry Denying Defendant's Motion for Jail Time Credit Filed May 24, 2013.) This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶ 4} Appellant brings the following assignment of error for our review:

> The trial court erred when it denied defendant-appellee the right to have his 11 days reduced from his out date when the days had already been served in county jail and defendant had brought to the trial courts attention that an mathmatical error had accurred. Then ask that it be corrected via motioning the trial court, all in violation of the Equal Protection Clause of the United States Constitution.

(Sic passim.)

## III. DISCUSSION

{¶ 5} In appellant's sole assignment of error, he alleges the trial court miscalculated the jail-time credit owed to him. A review of the record reveals neither party at the trial level, nor here on appeal, addressed the applicability of R.C. 2929.19(B)(2)(g)(iii), effective September 10, 2012, and its effect on appellant's motion. Accordingly, before we reach the merits of appellant's assignment of error, we must determine whether the trial court was required to apply R.C. 2929.19(B)(2)(g)(iii) to appellant's motion for jail-time credit.

{¶ 6} R.C. 2929.19, via the enactment of H.B. No. 487 and S.B. No. 337 by the 129th General Assembly, was amended to include section (B)(2)(g)(iii), which states:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. Sections 2931.15 and 2953.21 of the

Revised Code do not apply to a motion made under this section.

{¶ 7} Recently, this court remanded a motion for jail-time credit filed after September 10, 2012 to the trial court to be considered under R.C. 2929.19(B)(2)(g)(iii). *State v. Lovings,* 10th Dist. No. 13AP-303 (Dec. 5, 2013). As in *Lovings*, here, appellant filed the motion for jail-time credit at issue after the September 10, 2012 effective date of R.C. 2929.19(B)(2)(g)(iii). Accordingly, we find the trial court was required to apply R.C. 2929.19(B)(2)(g)(iii) when ruling on appellant's motion.

{¶ 8} A review of the trial court's entry denying appellant's May 24, 2013 motion for jail-time credit lacks consideration of, and reference to, R.C. 2929.19(B)(2)(g)(iii). We decline to address the statute and its application here in the first instance and, instead, remand the issue for the trial court to interpret and apply R.C. 2929.19(B)(2)(g)(iii). *Lovings* at ¶ 12; *State v. Wilson*, 10th Dist. No. 13AP-205, 2013-Ohio-4799, ¶ 12, citing *Young v. Univ. of Akron*, 10th Dist. No. 06AP-1022, 2007-Ohio-4663, ¶ 22.

{¶ 9} Based on the foregoing, we remand this matter for the trial court's consideration and application of R.C. 2929.19(B)(2)(g)(iii) in determining appellant's motion for jail-time credit.

## IV. CONCLUSION

{¶ 10} Accordingly, appellant's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with the above instructions.

*Judgment reversed;*
*cause remanded with instructions.*

DORRIAN and O'GRADY, JJ., concur.

_____