[Cite as *State v. Quarterman*, 2014-Ohio-3925.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101064

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ALLEN QUARTERMAN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-555106-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 11, 2014

**FOR APPELLANT**

Allen Quarterman, pro se
Inmate #642873
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Joseph J. Ricotta
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Allen Quarterman ("Quarterman"), pro se, appeals the partial denial of his motion for jail-time credit. We find no merit to the appeal and affirm.

**{¶2}** In November 2011, Quarterman pleaded guilty to one count each of burglary and domestic violence, and the court sentenced him to four years of community control sanctions ("probation"). The terms of his probation included a no-contact order prohibiting Quarterman from contacting the victims, regular drug testing, the attainment and maintenance of verifiable employment, and the completion of an inpatient drug treatment program. Quarterman completed an inpatient drug treatment program but failed to comply with the other terms of his probation.

**{¶3}** The court held probation violation hearings on each of Quarterman's probation violations and continued Quarterman's probation four times. Quarterman's violations included contacting the victims in violation of the "no contact" order, testing positive for cocaine a few times, and violating his electronic monitoring program. After a hearing on the fifth probation violation, the court revoked Quarterman's probation and sentenced him to 18 months in prison. The journal entry, dated July 8, 2013, states that Quarterman was to be given 135 days of jail-time credit.

**{¶4}** On August 30, 2013, Quarterman filed a motion for jail-time credit requesting 274 days of jail-time credit. The trial court granted the motion in part and stated in its journal entry that:

> Defendant is not to be given any jail time credit for inpatient drug treatment. Defendant is to be given an additional seven days of Cuyahoga County jail time credit for a total of 142 days of jail time credit.

Quarterman now appeals from this judgment.

**{¶5}** In his sole assignment of error, Quarterman argues the trial court erroneously failed to give him jail-time credit for his time spent as an inpatient in a drug rehabilitation facility. He contends he was entitled to the 62 days he spent in the facility because completion of the inpatient-drug-rehabilitation program was a requirement of his probation.

**{¶6}** The practice of awarding jail-time credit, which is now governed by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. "The Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440*, ¶ 7. Thus, defendants who were unable to make bail must be credited for the time they were confined while awaiting trial. *Id*. R.C. 2967.191 governs jail-time credit in Ohio and states, in relevant part:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced.

It is the defendant's burden to show the error in the calculation of jail-time credit. *State v. Clemons*, 8th Dist. Cuyahoga No. 92054, 2009-Ohio-2726, ¶ 9.

**{¶7}** Quarterman's argument, however, is barred by res judicata. Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in the conviction. *State v. Qunnie*, 8th Dist. Cuyahoga No. 100317, 2014-Ohio-1435, ¶ 11. Therefore, any issue that could have been raised on direct appeal and was not is barred by res judicata and not subject to review in subsequent proceedings. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

**{¶8}** "Some courts have held that in addition to a direct appeal, errors in calculating jail-time credit may be raised by means of a 'motion for correction' so long as the appellant is alleging a mere mistake in calculation rather than an erroneous legal determination." *State v. Robinson*, 4th Dist. Scioto No. 00 CA 2698, 2000 Ohio App. LEXIS 5001 (Oct. 23, 2000). In this case, Quarterman alleges more than a mere mathematical or clerical error. He contends the trial court failed to give him credit for any of the 62 days he spent as an inpatient in a drug rehabilitation facility. Whether he was entitled to jail-time credit for his time in the rehabilitation facility is a legal determination that could only be reviewed in a direct appeal. *Id.* Rather than file a direct appeal of the court's July 8, 2013 judgment, Quarterman filed a motion for jail-time

credit in the trial court on August 30, 2013. Therefore, Quarterman's appeal is barred by res judicata.

{¶9} Accordingly, the sole assignment of error is overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR