[Cite as *State v. Quarterman*, 2014-Ohio-4928.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101064**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ALLEN QUARTERMAN**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-555106-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 6, 2014

**FOR APPELLANT**

Allen Quarterman, pro se
4314 East 160th Street
Cleveland, Ohio 44108


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Joseph J. Ricotta
       Brett Hammond
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113
ON RECONSIDERATION[1]

---

[1]

The original announcement of decision, *State v. Quarterman*, 8th Dist. Cuyahoga No. 101064, 2014-Ohio-3925, released September 11, 2014, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

EILEEN T. GALLAGHER, J.:

{¶1} Sua sponte this court reconsiders its decision in *State v. Quarterman*, 8th Dist. Cuyahoga No. 101064, 2014-Ohio-3925, and affirms the trial court's judgment.

{¶2} In November 2011, Quarterman pleaded guilty to one count each of burglary and domestic violence, and the court sentenced him to four years of community control sanctions ("probation"). The terms of his probation included a no-contact order prohibiting Quarterman from contacting the victims, regular drug testing, the attainment and maintenance of verifiable employment, and the completion of an inpatient drug-treatment program. Quarterman completed an inpatient drug treatment program but failed to comply with the other terms of his probation.

{¶3} The court held probation violation hearings on each of Quarterman's probation violations and continued Quarterman's probation four times. Quarterman's violations included contacting the victims in violation of the "no contact" order, testing positive for cocaine a few times, and violating his electronic monitoring program. After a hearing on the fifth probation violation, the court revoked Quarterman's probation and sentenced him to 18 months in prison. The journal entry, dated July 8, 2013, states that Quarterman was to be given 135 days of jail-time credit.

{¶4} On August 30, 2013, Quarterman filed a motion for jail-time credit requesting 274 days of jail-time credit. The trial court granted the motion in part and stated in its journal entry that:

Defendant is not to be given any jail time credit for inpatient drug treatment.

Defendant is to be given an additional seven days of Cuyahoga County jail time

credit for a total of 142 days of jail time credit.

**{¶5}** In his sole assignment of error, Quarterman argues the trial court erroneously failed to give him jail-time credit for his time spent as an inpatient in a drug rehabilitation facility. He contends he was entitled to the 62 days he spent in the facility because completion of the inpatient-drug-rehabilitation program was a requirement of his probation.

**{¶6}** However, Quarterman has been released from prison. Therefore, any grant of jail-time credit would not reduce the amount of time he would spend in jail, and his appeal is moot. *State v. Fitzgerald*, 8th Dist. Cuyahoga No. 98723, 2013-Ohio-1893, ¶ 2, citing *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928, ¶ 6.

**{¶7}** We note, however, that R.C. 2929.19(B)(2)(g)(iii), as amended by H.B. No. 487 and S.B. 337 of the 129th General Assembly, vests the trial court with "continuing jurisdiction to correct any error not previously raised at sentencing" in the court's calculation of jail-time credit under R.C. 2929.19(B)(2)(g)(i). *See State v. Lovings*, 10th Dist. Franklin Nos. 13AP-303 and 13AP-304, 2013-Ohio-5328.

**{¶8}** Amended R.C. 2929.19(B)(2)(g)(iii) marks a significant change in the law regarding jail-time credit. Previously, inmates could only challenge errors in jail-time credit on direct appeal unless the error consisted of a mathematical mistake in calculation rather than an erroneous legal determination. *See*, *e.g.*, *State v. Robinson*, 4th Dist. Scioto No. 00 CA 2698, 2000 Ohio App. LEXIS 5001 (Oct. 23, 2000). R.C. 2929.19(B)(2)(g)(iii) now allows the court to correct "any error," regardless of whether the error involved a mathematical miscalculation or an erroneous legal determination, i.e., whether the defendant was entitled to jail-time credit for time served in an inpatient rehabilitation facility.

**{¶9}** Further, R.C. 2929.19(B)(2)(ii) provides that "[i]n making a determination under division (B)(2)(g)(i) of this section, the court shall consider the arguments of the parties and

conduct a hearing if one is requested." Therefore, if an inmate files a postsentence motion to correct jail-time credit and requests a hearing, the trial court retains jurisdiction to hear the motion and shall hold a hearing.

**{¶10}** Nevertheless, because Quaterman's appeal is moot by virtue of his release from prison, we overrule the sole assignment of error.

**{¶11}** Judgment affirmed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR