[Cite as *State v. Mohamood*, 2018-Ohio-3388.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 17AP-756 |
| | | (C.P.C. No. 14CR-6626) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Sakriya A. Mohamood, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 23, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *John W. Keeling*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Sakriya A. Mohamood, appeals from a judgment of the Franklin County Court of Common Pleas denying his request for additional jail-time credit in Franklin C.P. No. 14CR-6626. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} On December 18, 2014, in case No. 14CR-6626, Mohamood was indicted on two counts of receiving stolen property, in violation of R.C. 2913.51, fourth and fifth-degree felonies (Counts 1 and 2), and failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331, third and fourth-degree felonies (Counts 3 and 4). In January 2016, Mohamood pleaded guilty to a stipulated lesser-included offense to Count 1, unauthorized use of a motor vehicle, in violation of R.C. 2913.03, being a first-degree

misdemeanor, and to Count 3 as indicted. The court ordered a nolle prosequi be entered as to Counts 2 and 4.

{¶ 3} On February 25, 2016, the trial court held a sentencing hearing on case No. 14CR-6626, and five other criminal cases involving Mohamood. As to Count 1 in case No. 14CR-6626, the trial court sentenced Mohamood to 180 days in jail, and it terminated that count for time served. As to Count 3 in that case, the trial court imposed four years of community control, including requiring Mohamood to successfully complete the community based correctional facility program. The trial court also applied 180 days of Mohamood's jail-time credit to satisfy the sentence for a misdemeanor conviction in one of Mohamood's other cases, Franklin C.P. No. 15CR-4323, thereby terminating that case. Upon allocating Mohamood's total jail-time credit in this manner, the trial court determined that Mohamood had 75 days of jail-time credit in case No. 14CR-6626.

{¶ 4} In February 2017, Mohamood's probation officer requested the revocation of his probation based on multiple violations. On March 9, 2017, Mohamood stipulated to violations of the terms of his community control sanction. The trial court found the violations and revoked Mohamood's probation. The trial court sentenced Mohamood to 36 months in prison in case No. 14CR-6626, to be served consecutively to the sentence in Franklin C.P. No. 15CR-89, and concurrently to sentences imposed in Franklin C.P. Nos. 15CR-562 and 15CR-1837, for a total sentence of 53 months in prison. The court found that, as of the date of the revocation and resentencing, Mohamood had 351 days of jail-time credit in case No. 14CR-6626.

{¶ 5} In August 2017, Mohamood filed a pro se motion for jail-time credit in case Nos. 14CR-6626, 15CR-89, 15CR-562, and 15CR-1837, summarily asserting he was entitled to an additional 344 days of jail-time credit in those cases based on his time in jail since December 2014. In September 2017, Mohamood, then represented by counsel, filed an amended motion for recalculation of jail-time credit in case No. 14CR-6626. In the amended motion, Mohamood essentially alleged there had been a jail-time credit miscalculation, and he only requested an additional 139 days of jail-time credit. In October 2017, the trial court denied Mohamood's request for additional jail-time credit in all four cases. The trial court determined that Mohamood failed to demonstrate error in the jail-time credit calculation.

{¶ 6}   Mohamood timely appeals only as to case No. 14CR-6626.

## II. Assignment of Error

{¶ 7}   Mohamood assigns the following error for our review:

> The trial court erred when it failed to award jail-time credit on all concurrent sentences imposed upon the defendant for charges on which the offender had been held pursuant to *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440.

## III. Discussion

{¶ 8}   In his sole assignment of error, Mohamood asserts the trial court erred in not awarding him all of his jail-time credit on all of his concurrent sentences.  He argues that the 360 days of jail-time credit that the trial court allocated to two of his misdemeanor convictions should have been also allocated to his prison sentence imposed in March 2017 in case No. 14CR-6626.

{¶ 9}   Criminal defendants have a general right to jail-time credit.  *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7 ("The Equal Protection Clause requires that all time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency must be credited to his sentence.").  (Emphasis omitted.)  Pursuant to R.C. 2967.191, the "department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * * as determined by the sentencing court under [R.C. 2929.19(B)(2)(g)(i)]."  R.C. 2929.19(B)(2)(g)(i) states that, when a trial court imposes a prison sentence, it must "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code."

{¶ 10}  Jail-time credit determinations can be challenged in a direct appeal.  *See, e.g.*, *State v. Inboden*, 10th Dist. No. 14AP-312, 2014-Ohio-5762, ¶ 11.  Additionally, the Ohio Revised Code provides a mechanism for a sentenced defendant to challenge an alleged jail-time credit error even when the error was not previously raised at sentencing.  Specifically, R.C. 2929.19(B)(2)(g)(iii) provides:

The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(h)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(h)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

{¶ 11} R.C. 2929.19(B)(2)(g)(iii) applies to motions for jail-time credit filed after the statute's effective date of September 10, 2012. *State v. Lovings*, 10th Dist. No. 13AP-303, 2013-Ohio-5328, ¶ 9-10. Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), this court held that motions for jail-time credit were subject to the doctrine of res judicata except when the alleged calculation error was clerical or mathematical. *Inboden* at ¶ 7. The enactment of this statute expanded the ability of a defendant to challenge an alleged jail-time credit error. *See State v. Quarterman*, 8th Dist. No. 101064, 2014-Ohio-5796, ¶ 8 ("Amended R.C. 2929.19(B)(2)(g)(iii) marks a significant change in the law regarding jail-time credit."). In *Inboden*, this court stated that pursuant to R.C. 2929.19(B)(2)(g)(iii), "the court has continuing jurisdiction to correct any jail-time credit error 'not previously raised at sentencing,' thereby abating the application of the doctrine of res judicata as it relates to issues that could have been raised at sentencing but were not." *Inboden* at ¶ 8, quoting R.C. 2929.19(B)(2)(g)(iii). As to legal arguments previously raised, res judicata continues to apply. *Id.* at ¶ 11. Because the decision to grant or deny a motion to correct a jail-time credit determination is left to the discretion of the trial court, we review such a decision for an abuse of discretion. *State v. Smith*, 10th Dist. No. 15AP-209, 2015-Ohio-4465, ¶ 12.

{¶ 12} Here, the state does not assert that the arguments Mohamood presented in his requests for additional jail-time credit were precluded pursuant to R.C. 2929.19(B)(2)(g)(iii) or res judicata principles. It contends that the argument Mohamood presents in this appeal challenging the trial court's allocation of jail-time credit between his criminal cases was not raised in his motion before the trial court and is therefore waived. We agree. Mohamood alleges it was legal error for the trial court to allocate 360 days of his

jail-time credit to two of his misdemeanor offenses and then conclude he had 351 days of jail-time credit for the purpose of his resentencing in case No. 14CR-6626 in March 2017. He argues that the allocation was unlawful because the sentences for his felony and misdemeanor offenses were, or should have been, imposed concurrently, and therefore, the trial court should have given him credit for those 360 days for the purpose of his resentencing in case No. 14CR-6626. But he did not make this argument in the trial court. A party who fails to raise an argument in the trial court waives the right to raise it on appeal. *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 34. Because Mohamood's argument is not properly before us, we do not consider it.

{¶ 13} Accordingly, we overrule Mohamood's sole assignment of error.

## IV. Disposition

{¶ 14} Having overruled Mohamood's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

HORTON, J., concurring.

{¶ 15} I concur with the majority opinion but write separately to make one point. While Mohamood's arguments before the trial court and on appeal both cite *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, he requested 139 days of jail-time credit in the trial court yet argues on appeal that he is entitled to 360 days of credit. Mohamood also makes the argument on appeal that he is entitled an award of jail-time credit for the time he served on concurrent sentences imposed for his misdemeanor convictions. However, the basis for relief he presented in the trial court appears to have been based only on a mistake of arithmetic. (Sept. 20, 2017 Am. Mot. for Recalculation of Jail-Time Credit at 3.) Because of these substantive differences, I agree that the argument he makes on appeal is not properly before this court.

_____