[Cite as *State v. Smith*, 2015-Ohio-4465.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-209<br>(C.P.C. No. 07CR05-3463) |
| v. | : | No. 15AP-214<br>(C.P.C. No. 10CR12-7194) |
| Brian K. Smith, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 27, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Brian K. Smith*, pro se.

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} In these two cases, defendant-appellant, Brian K. Smith, appeals from a judgment of the Franklin County Court of Common Pleas denying his motions for jail-time credit. For the following reasons, we affirm that judgment.

I. **Factual and Procedural Background**

{¶ 2} In 2007, appellant pled guilty to one count of breaking and entering in case No. 07CR-3463 and was sentenced to three years of community control. In 2011, appellant pled guilty to one count of burglary in case No. 10CR-7194. The trial court again ordered him to serve three years of community control.

{¶ 3}   Later in 2011, appellant violated the terms of his community control in both cases.[1]   As a result, the trial court sentenced him to nine months in prison for case No. 07CR-3463 and a consecutive four-year prison sentence in case No. 10CR-7194.   It appears that he received 24 days of jail-time credit for these cases.

{¶ 4}   In 2015, appellant filed a "Motion for Jail Time Credit" in both of these cases.   He claimed he was entitled to 377 additional days of credit.   The trial court denied appellant's motions, rejecting his request both on the merits and also on res judicata grounds.[2]

## II. The Appeal

{¶ 5}   Appellant appeals and assigns the following errors:

> [1.] Trial Court erred and abused its discretion when it denied appellant's motion for jail time credit.
>
> [2.] Trial Court erred in holding that res judicata bars appellant from raising the issue of jail time credit.

### A. Trial Court's Denial of Appellant's Motion for Jail Time Credit

{¶ 6}   Collectively, appellant argues in his assignments of error that the trial court erred by denying his motion for jail-time credit.   We disagree.

### 1. Res Judicata and R.C. 2929.19(B)(2)(g)(iii)

{¶ 7}   We first address the trial court's application of res judicata.   It is true that "[t]his court has consistently held that 'the doctrine of res judicata applies to a jail-time credit motion that alleges an erroneous legal determination on jail-time credit.' " *State v. Inboden*, 10th Dist. No. 14AP-312, 2014-Ohio-5762, ¶ 7, quoting *State v. Roberts*, 10th Dist. No. 10AP-729, 2011-Ohio-1760, ¶ 6.   *See also State v. Lomack*, 10th Dist. No. 04AP-648, 2005-Ohio-2716, ¶ 12; *State v. Smiley*, 10th Dist. No. 11AP-266, 2012-Ohio-4126, ¶ 12.

{¶ 8}   However, effective in September 2012, R.C. 2929.19(B)(2)(g)(iii) now provides that:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a

---

[1] His term of community control in case No. 07CR-3463 had been extended one year for failure to comply with the conditions of community control.

[2]  In this appeal, appellant contends he is entitled to 260 days of jail-time credit.

determination under division (B)(2)(g)(i) of this section. The offender may, at anytime after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

{¶ 9} In *Inboden*, this court concluded that the above statute precludes the application of res judicata as it relates to jail-time credit issues that could have been raised at sentencing but were not. *Id.* at ¶ 8; s*ee also State v. Lynch*, 10th Dist. No. 15AP-123, 2015-Ohio-3366, ¶ 9-10. *But see State v. Bender*, 4th Dist. No. 14CA6, 2015-Ohio-1927, ¶ 8-9 (continuing to apply res judicata). Res judicata would still apply, however, if the issue was raised at sentencing. *Inboden* at ¶ 9-11.

{¶ 10} Appellant's motion requested additional jail-time credit. He claimed a legal entitlement to certain days and not a mathematical or clerical error. As the movant, it was appellant's burden to demonstrate that R.C. 2929.19(B)(2)(g)(iii) applies to preclude the application of res judicata. Therefore, it was appellant's burden to establish that the alleged error was not addressed at sentencing. R.C. 2929.19(B)(2)(g)(iii). Appellant failed to demonstrate that the issue was not raised at sentencing. Therefore, appellant failed to meet his burden. We cannot conclude that R.C. 2929.19(B)(2)(g)(iii) applies to appellant's motion. Accordingly, res judicata bars his claim for additional jail-time credit. *Inboden* at ¶ 11 (res judicata applies to bar legal claim for additional credit, as opposed to a claimed mathematical or clerical error).

### 2. Appellant's Burden to Demonstrate an Entitlement to Jail-Time Credit

{¶ 11} Even if R.C. 2929.19(B)(2)(g)(iii) applied, the trial court also denied appellant's motion on the merits, concluding that it was not persuaded by appellant's arguments in support of an award of additional jail-time credit. We see no error in the trial court's analysis.

{¶ 12} R.C. 2929.19(B)(2)(g)(iii) provides that the decision to grant or deny a motion to correct jail-time credit determinations are left to the discretion of the trial

court. Thus, we review such decision for an abuse of that discretion. Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, no court has the authority, within its discretion, to commit an error of law. *State v. Moncrief*, 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7.

{¶ 13} It is the defendant's burden to show error in the trial court's jail-time credit determination. *State v. Britton*, 3d Dist. No. 4-12-13, 2013-Ohio-1008, ¶ 16. R.C. 2967.191 authorizes jail-time credit for "the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." The statute " 'requires a connection between the jail-time confinement and the offense upon which the defendant is convicted.' " *Britton* at ¶ 12, quoting *State v. Thomas*, 10th Dist. No. 12AP-144, 2012-Ohio-4511, ¶ 6. *See also State v. Slager*, 10th Dist. No. 08AP-581, 2009-Ohio-1804, ¶ 25.

{¶ 14} Appellant's motion for jail-time credit only contains conclusory allegations concerning the amount of time he spent in jail in two cases.[3] The attachments to the motion indicate dates of arrests in these cases but not the amount of time spent in jail. Given the lack of evidence to support his motion, we conclude that appellant has not demonstrated that the trial court abused its discretion by denying his motion for jail-time credit.

## III. Conclusion

{¶ 15} Appellant has not demonstrated error in the trial court's jail-time credit determination. Accordingly, we overrule his two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

---

[3] The state points out that there is another criminal case, No. 07CR-1400, which appellant omits from his discussion. Appellant received 259 days of jail-time credit in that case, which was dismissed in 2011 for time served at the same time that his community control in case No. 07CR-3463 was extended and his community control for case No. 10CR-7194 was imposed. The state suggests that appellant may be confusing the 259 days of jail-time credit he received in case No. 07CR-1400 with the 260 days of jail-time credit he contends he should have received in case No. 07CR-3463 and case No. 10CR-7194.