[Cite as *State v. Canty*, 2015-Ohio-5241.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-715 |
| | | (C.P.C. No. 13CR-1185) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Curtis Canty, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 15, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Curtis Canty*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Curtis Canty, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for jail-time credit. For the following reasons, we reverse and remand.

## I. Facts and Procedural History

{¶ 2} On September 2, 2014, Canty pleaded guilty to aggravated robbery and involuntary manslaughter. The trial court accepted Canty's guilty plea and sentenced Canty to five years in prison as to each offense, to be served concurrently. At the sentencing hearing, held immediately after the guilty plea, Canty's counsel requested 555 days of jail-time credit. The trial court asked the prosecutor whether he was willing to stipulate to the jail-time credit. The prosecutor responded, "Yes, Judge. He was arrested on February 14th, 2013." (Tr. 16.) On the same day as the sentencing hearing, the trial

court entered judgment and certified 555 days of jail-time credit to the Ohio Department of Rehabilitation and Correction. Canty did not file a direct appeal.

{¶ 3}   On May 26, 2015, Canty filed a motion for jail-time credit. Canty requested the trial court award additional days of jail-time credit in order to correct an alleged mathematical jail-time credit error. Canty asserted the 555 days of jail-time credit erroneously did not include the days he was incarcerated from the date of his arrest in Illinois on February 14, 2013, until his arraignment in Franklin County on February 25, 2013. Plaintiff-appellee, State of Ohio, filed a memorandum in opposition, arguing Canty failed to demonstrate a mathematical error, and, therefore, his request is barred by res judicata. On June 26, 2015, the trial court denied Canty's motion for jail-time credit, finding it barred under the doctrine of res judicata. Canty filed a timely appeal.

## II.  Assignment of Error

{¶ 4}   Canty assigns the following error for our review:

> The trial court abused its discretion when it refused to grant appellant's request for additional days of jail-time credit when it relied on "res judicata" to deny the appellant the additional days he sought, which amounted to a mathematical error.

## III.  Discussion

{¶ 5}   In Canty's single assignment of error, he argues the trial court erred in denying his request for additional days of jail-time credit because his request alleged a mathematical error and was not barred by the doctrine of res judicata.

{¶ 6}   Criminal defendants have a general right to jail-time credit. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7 ("The Equal Protection Clause requires that all time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency must be credited to his sentence."). (Emphasis deleted.) Pursuant to R.C. 2967.191, the "department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * * as determined by the sentencing court under [R.C. 2929.19(B)(2)(g)(i)]." R.C. 2929.19(B)(2)(g)(i) states that, when a trial court imposes a prison sentence, it must "[d]etermine, notify the offender of, and include in the

sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code."

{¶ 7}   Jail-time credit determinations can be challenged in a direct appeal.  *See, e.g.*, *State v. Inboden*, 10th Dist. No. 14AP-312, 2014-Ohio-5762, ¶ 11.  Additionally, the Ohio Revised Code provides a mechanism for a sentenced defendant to challenge an alleged jail-time credit error even when the error was not previously raised at sentencing. Specifically, R.C. 2929.19(B)(2)(g)(iii) provides:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(h)(i) of this section. The offender may, at anytime after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(h)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

{¶ 8}   Pursuant to R.C. 2929.19(B)(2)(g)(iii), the decision to grant or deny a motion to correct a jail-time credit determination is left to the discretion of the trial court. *State v. Smith*, 10th Dist. No. 15AP-209, 2015-Ohio-4465, ¶ 12.  Thus, we review such a decision for an abuse of discretion.  *Id.*  The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, no court has the authority, within its discretion, to commit an error of law.  *Smith* at ¶ 12, citing *State v. Moncrief*, 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7.

{¶ 9}   R.C. 2929.19(B)(2)(g)(iii) applies to motions for jail-time credit filed after the statute's effective date of September 10, 2012.  *State v. Lovings*, 10th Dist. No. 13AP-

303, 2013-Ohio-5328, ¶ 9-10.  Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), this court held that motions for jail-time credit were subject to the doctrine of res judicata except when the alleged calculation error was clerical or mathematical.  *Inboden* at ¶ 7. The enactment of this statute expanded the ability of a defendant to challenge an alleged jail-time credit error.  *See State v. Quarterman*, 8th Dist. No. 101064, 2014-Ohio-5796, ¶ 8 ("Amended R.C. 2929.19(B)(2)(g)(iii) marks a significant change in the law regarding jail-time credit.").   In *Inboden*, this court stated that pursuant to R.C. 2929.19(B)(2)(g)(iii), "the court has continuing jurisdiction to correct any jail-time credit error 'not previously raised at sentencing,' thereby abating the application of the doctrine of res judicata as it relates to issues that could have been raised at sentencing but were not."  *Id.* at ¶ 8, quoting R.C. 2929.19(B)(2)(g)(iii).  As to legal arguments previously raised, res judicata continues to apply.  *Id.* at ¶ 11.

{¶ 10} Here, Canty argues the trial court abused its discretion in denying his request for additional days of jail-time credit. In support of his motion for additional days of jail-time credit, Canty provided documentation to the trial court indicating he was arrested and detained on February 14, 2013 in Madison County, Illinois as a "Fugitive from Justice" and transferred to Franklin County on February 20, 2013.  Canty asserts that, even though he was arrested on February 14, 2013 and held in jail in Madison County, Illinois, he did not receive credit for the days he was incarcerated from February 14 to February 24, 2013.

{¶ 11} Considering the plain language of R.C. 2929.19(B)(2)(g)(iii), an alleged "error" regarding the trial court's jail-time credit determination was not raised at sentencing here because no party alleged any legal or factual error relating to that issue. As to the issue of jail-time credit, Canty's trial counsel requested 555 days of jail-time credit at sentencing, and the state indicated it was willing to stipulate to that number of days.  However, the state also indicated Canty was arrested on February 14, 2013.  That assertion was inconsistent with the 555-day request because the number of days from February 14, 2013 until the date of the sentencing entry on September 2, 2014 was more than 555 days.  Despite this inconsistency, there was no further discussion at sentencing regarding the number of days of jail-time credit Canty should have received.  Because the jail-time credit error now asserted by Canty was not raised at sentencing, res judicata does

not bar Canty's request for additional jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii). *See Inboden* at ¶ 8. Accordingly, we sustain Canty's single assignment of error and remand this matter to the trial court to determine whether the number of days of jail-time credit awarded should be changed.

## IV. Disposition

{¶ 12} Having sustained Canty's single assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed;*
*cause remanded.*

KLATT and BRUNNER, JJ., concur.

_____