[Cite as *State v. Gibson*, 2019-Ohio-383.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                          :

    Plaintiff-Appellee,              :

                                     No. 17AP-200

v.                                      :      (C.P.C. No. 15CR-5417)

Daniel R. Gibson,                       :      (ACCELERATED CALENDAR)

    Defendant-Appellant.             :

---

D E C I S I O N   E N   B A N C

Rendered on February 7, 2019

---

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Tim Young*, Ohio Public Defender, and *Terrence K. Scott*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} This case arises from an appeal by defendant-appellant, Daniel R. Gibson, from a decision of the Franklin County Court of Common Pleas denying his motion to correct an alleged error in jail-time credit filed pursuant to R.C. 2929.19(B)(2)(g)(iii). In his appeal, Gibson set forth a single assignment of error as follows:

> The trial court abused its discretion and denied Daniel Gibson Due Process and Equal Protection of the law when it failed to consider the merits of his motion for jail-time credit, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and R.C. 2929.19(B)(2)(g)(iii).

{¶ 2} In *State v. Gibson*, 10th Dist. No. 17AP-200, 2017-Ohio-7254 ("*Gibson I*"), this court, in a 2-to-1 decision, held that "[b]ecause Gibson's motion did state facts, amounting to an assertion that he had not previously raised in his claim regarding jail-time

credit, the trial court erred in deciding that Gibson's motion was not filed pursuant to R.C. 2929.19(B)(2)(g)(iii)." *Id.* at ¶ 1. Accordingly, the majority in *Gibson I* sustained Gibson's assignment of error, reversed the judgment of the trial court, and remanded the matter for further proceedings. *Id.* at ¶ 15. *Gibson I*, therefore, stands for the proposition that a mere unsworn allegation by the movant that the alleged error in jail-time credit was not raised at sentencing is sufficient to establish the sentencing court's continuing jurisdiction.

{¶ 3} On August 28, 2017, plaintiff-appellee, State of Ohio, filed both an application to certify a conflict between the judgment in *Gibson I* and the judgments of the of the Fourth District Court of Appeals in *State v. Johnson*, 4th Dist. No. 16CA26, 2017-Ohio-4213, and the Eleventh District Court of Appeals in *State v. Guiterres*, 11th Dist. No. 2015-T-0116, 2016-Ohio-5572, and an application for en banc consideration based on a conflict between the judgment in *Gibson I* and the judgment of this court in *State v. Smith*, 10th Dist. No. 15AP-209, 2015-Ohio-4465. In a 2-to-1 decision, this court denied the state's application to certify a conflict. *State v. Gibson*, 10th Dist. No. 17AP-200, 2017-Ohio-8329.

{¶ 4} On June 5, 2018, this court issued a journal entry granting the state's August 28, 2017 application for en banc consideration on finding the judgment in *Gibson I* is in conflict with the judgment of this court in *Smith*. The issue on which the two cases are in conflict is whether a party moving the sentencing court to correct an alleged error in jail-time credit, pursuant to R.C. 2929.19(B)(2)(g)(iii), has the burden to produce evidence with the motion to establish that the alleged error in jail-time credit was not previously raised at sentencing.

{¶ 5} The case is now before the court en banc for determination. For the reasons that follow, we vacate our decision in *Gibson I*, overrule Gibson's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 6} On November 3, 2015, a Franklin County Grand Jury indicted Gibson for two counts of robbery, one count of kidnapping, one count of attempted rape, and one count of gross sexual imposition. On May 17, 2016, Gibson pleaded guilty to one count of fourth-degree felony aggravated assault in exchange for dismissal of the other charges.

{¶ 7} The trial court held a sentencing hearing on October 25, 2016. On October 31, 2016, the trial court sentenced Gibson to 16 months in prison. In compliance with R.C.

2929.19(B)(2)(g)(i), the trial court determined Gibson had been confined for a period of 49 days arising out of the offense for which he was being sentenced and included in the sentencing entry 49 days of jail-time credit. Gibson did not file a direct appeal from his conviction and sentence.

{¶ 8} On December 15, 2016, Gibson filed a motion, pursuant to R.C. 2929.19(B)(2)(g)(iii), seeking an additional 294 days of jail-time credit. Using a fill-in-the-blank form, Gibson alleged that he discovered the trial court had failed to credit him with the additional jail time after he was "delivered into state custody" on November 4, 2016. (Dec. 15, 2016 Mot. for Jail-Time Credit at 1.) The motion set forth specific dates during which Gibson was allegedly confined arising from the offense for which he pleaded guilty but did not provide any specifics as to when he actually discovered the alleged error. Gibson did not submit a transcript of the sentencing hearing or any other evidence in support of the motion.

{¶ 9} The state opposed the motion arguing, among other things, R.C. 2929.19(B)(2)(g)(iii) "does not create continuing jurisdiction to address all claims of jail-time credit error. Rather, only purported errors 'not previously raised at sentencing' fall within a court's continuing jurisdiction. Defendant's motion fails to give any indication that the issue he now seeks to raise was 'not previously raised at sentencing.' " (Dec. 22, 2016 Memo. Contra at 7.) The state noted because the trial court included 49 days of jail-time credit in the sentencing entry, "[i]t is very likely that the court and the parties expressly discussed the amount of jail-time credit to be awarded." (Memo. Contra at 7.)

{¶ 10} On February 17, 2017, the trial court denied Gibson's motion. The trial court held that it did not have jurisdiction to hear and determine Gibson's motion because R.C. 2929.19(B)(2)(g)(iii) confers continuing jurisdiction on the sentencing court to correct only those errors in jail-time credit that were " 'not previously raised at sentencing' " and concluded that Gibson "has not alleged that any such error failed to be raised at sentencing." (Feb. 17, 2017 Decision at 2.)[1] In the alternative, the trial court determined that res judicata barred Gibson's motion.

---

[1] In his motion, Gibson asserted merely that he "learned" an alleged error in jail-time credit had been made after he was "delivered into state custody." (Dec. 15, 2016 Mot. at 1.) That is distinctly different from alleging a particular error in jail-time credit was not previously raised at sentencing. As a result of the sentencing

{¶ 11} Gibson appealed to this court from the judgment of the trial court. On August 17, 2017, this court issued its 2-to-1 decision in *Gibson I*. In reversing the trial court judgment denying Gibson's motion for jail-time credit, the majority held that "[b]ecause the face of Gibson's motion for jail-time credit contains the *assertion* that he did not learn of the alleged error in jail-time credit until after sentencing, and no material in the record contradicts that assertion, it was error for the trial court to have concluded that R.C. 2929.19(B)(2)(g)(iii) was inapplicable." (Emphasis added.) *Gibson I* at ¶ 15. The dissenting opinion maintained the rule of law adopted by this court in *Smith* and by other appellate districts that had addressed the continuing jurisdiction of a sentencing court under R.C. 2929.19(B)(2)(g)(iii) is that the moving party bears the burden of producing *evidence* with the motion to support a finding that the alleged error in jail-time credit was not previously raised at sentencing. The dissenting opinion explained that *Smith* required the moving party, not the state, to provide an *evidentiary* basis for the sentencing court to determine whether it retained jurisdiction under R.C. 2929.19(B)(2)(g)(iii). The dissent concluded "[b]ecause appellant did not file a transcript of the sentencing hearing *or any other evidence* establishing that the jail-time credit issue was not raised at sentencing, the trial court was without jurisdiction to consider the motion." (Emphasis added.) *Gibson I* at ¶ 24.

## II. DECISION OF THE COURT EN BANC

{¶ 12} Our majority decision in *Gibson I* conflicts with our prior decision in *Smith* on the threshold issue of who bears the burden of demonstrating the applicability of R.C. 2929.19(B)(2)(g)(iii), and because our resolution of the conflict disposes of this appeal, we will limit our discussion to the specific issue on which the two cases conflict.

{¶ 13} R.C. 2929.19(B)(2)(g)(iii), as amended in 2012, provides, in relevant part, as follows:

> *The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing* in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a

---

hearing, Gibson did receive 49 days of jail-time credit. Thus, the sentencing entry provides some evidence that jail-time credit was an issue previously raised at the sentencing hearing.

> determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.

(Emphasis added.)[2]

{¶ 14} Pursuant to R.C. 2929.19(B)(2)(g)(iii), it must be proven that the alleged error in jail-time credit was not previously raised at sentencing in order to establish the trial court's continuing jurisdiction. *Johnson* at ¶ 20, citing *Smith* at ¶ 10.[3] In *Smith*, this court addressed the movant's burden of going forward on a motion for jail-time credit, pursuant to R.C. 2929.19(B)(2)(g)(iii), as follows:

> Appellant's motion requested additional jail-time credit. He claimed a legal entitlement to certain days and not a mathematical or clerical error. As the movant, it was appellant's burden to demonstrate that R.C. 2929.19(B)(2)(g)(iii) applies to preclude the application of res judicata. Therefore, *it was appellant's burden to establish that the alleged error was not addressed at sentencing. R.C. 2929.19(B)(2)(g)(iii). Appellant failed to demonstrate that the issue was not raised at sentencing. Therefore, appellant failed to meet his burden.* We cannot conclude that R.C. 2929.19(B)(2)(g)(iii) applies to appellant's motion.

(Emphasis added.) *Id.* at ¶ 10.

{¶ 15} The rule of law adopted by this court in *Smith* is that the movant, not the state, has the threshold burden to provide an *evidentiary* basis for the sentencing court to determine whether it retained jurisdiction under R.C. 2929.19(B)(2)(g)(iii). Accordingly, *Smith* holds that the moving party bears the *burden of producing evidence* with the motion to establish the alleged error in jail-time credit was not previously raised at sentencing.

{¶ 16} *Smith* has been cited with approval for this proposition of law by the Fourth District Court of Appeals in *Johnson* and the Eleventh District Court of Appeals in *Guiterres*. In *Johnson*, the trial court determined res judicata barred defendant-appellant's motion for jail-time credit. Defendant-appellant appealed that decision to the Fourth District. The Fourth District ruled as follows:

---

[2] Effective October 20, 2018, the relevant language now appears in R.C. 2929.19(B)(2)(f)(ii). 2018 Am.Sub.S.B. No. 66.

[3] Because the conflict between *Smith* and *Gibson I* concerns the trial court's continuing jurisdiction, there is no need for this court to address the trial court's alternative holding that the affirmative defense of res judicata barred Gibson's motion.

Under R.C. 2929.19(B)(2)(g)(iii), a trial court has continuing jurisdiction to review any error (mathematical or legal) not previously raised at sentencing. *State v. Copas*, 2015-Ohio-5362, 49 N.E.3d 755, ¶ 12. However, a defendant still has the burden of establishing that the alleged error was not previously raised at sentencing. *State v. Smith*, 10th Dist. Franklin Nos. 15AP-209, 15AP-214, 2015-Ohio-4465, ¶ 10. The *best way* to determine whether an alleged error was not previously raised at sentencing is to review the transcript from the sentencing hearing.

Here, Johnson failed to attach any evidence establishing that his claim was not considered by the trial court at his June 2007 sentencing hearing. Thus, we cannot conclude that Johnson's claim was "not previously raised at sentencing" such that the trial court had authority to correct the alleged error. R.C. 2929.19(B)(2)(g)(iii). *Accord State v. Thompson*, 147 Ohio St. 3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 12 (sentencing court has authority under R.C. 2929.19(B)(2)(g)-(iii) to correct any error in determining jail-time credit that was not previously raised at sentencing). Therefore, we find that the trial court lacked jurisdiction to rule on the merits of Johnson's motion.

(Emphasis added.) *Id.* at ¶ 20-21.

{¶ 17} In *Johnson*, the Fourth District determined the moving party's failure to "*attach any evidence* establishing that his claim was not considered by the trial court at * * * sentencing" deprived the trial court of jurisdiction of the motion. (Emphasis added.) *Id.* at ¶ 21. Thus, *Johnson* stands for the proposition that for purposes of establishing the trial court's continuing jurisdiction of jail-time credit, R.C. 2929.19(B)(2)(g)(iii) requires the movant to produce evidence with the motion establishing the alleged error in jail-time credit was not "previously raised at sentencing."

{¶ 18} Similarly, in *Guiterres*, the Eleventh District Court of Appeals affirmed the trial court's denial of defendant-appellant's motion for jail-time credit. The Eleventh District reached the following conclusion regarding the movant's burden of production:

[R.C. 2929.19(B)(2)(g)(iii)] allows a defendant to raise an issue regarding his jail-time credit in a post-conviction motion, but only when the issue was not considered during the sentencing hearing. If an issue was raised and considered at the time the trial court rendered its original credit ruling, it cannot be asserted again in a motion for additional credit. *State v. Smith*, 10th Dist. Franklin Nos. 15AP-209 and 15AP-214, 2015-Ohio-

> 4465, ¶ 9. *Moreover, in moving for an additional credit, the defendant has the burden of demonstrating that their argument was not previously considered at sentencing. Id.* at ¶ 10.
>
> The record before this court does not have a transcript of the sentencing hearing. As a result, appellant cannot show whether the issue of his incarceration in the county jail was raised and considered at that time, thereby precluding its consideration in a postconviction motion. On this basis alone, the substance of appellant's argument cannot be addressed, and his sole assignment is without merit.

(Emphasis added.) *Id.* at ¶ 15-16.

{¶ 19} Pursuant to *Guiterres,* the initial burden of producing evidence that the alleged error in jail-time credit was not raised at sentencing is placed squarely on the movant. If the Eleventh District believed that the state had the initial burden to produce evidence that the alleged error in jail-time credit was previously raised at sentencing, the court would not have affirmed the denial of the motion on the basis that "[t]he record before this court does not have a transcript of the sentencing hearing." *Id.* at ¶ 16. If the burden of production was on the state, the absence of such evidence would not justify denial of the motion for jail-time credit. Accordingly, *Guiterres* stands for the proposition that for purposes of establishing the trial court's continuing jurisdiction of jail-time credit, R.C. 2929.19(B)(2)(g)(iii) requires the movant to produce evidence with the motion establishing the alleged error in jail-time credit was not "previously raised at sentencing."

{¶ 20} The majority in *Gibson I* suggested that placing the initial burden on the movant to produce evidence to support a finding that the alleged error in jail-time credit was not raised at sentencing means that the movant will be required to produce a transcript of the sentencing hearing whenever such a motion is filed. Though we agree with the *Johnson* court that the "best way to determine whether an alleged error was not previously raised at sentencing is to review the transcript from the sentencing hearing," there is nothing in the *Smith* decision, or the dissent in *Gibson I,* that dictates the quality or quantity of evidence that the moving party is required to produce in order to establish the sentencing court's continuing jurisdiction. *Johnson* at ¶ 20. That issue was not before the court in

*Smith* because the moving party produced no evidence of any kind in support of the motion.[4]

{¶ 21} The same is true in this case as Gibson submitted no evidentiary materials of any kind in support of his R.C. 2929.19(B)(2)(g)(iii) motion for jail-time credit. Gibson relied exclusively on his unsworn personal assertion that he did not learn of the alleged error in jail-time credit until after sentencing. This court, in *Smith*, determined that a party moving the trial court to correct an error in jail-time credit, pursuant to R.C. 2929.19(B)(2)(g)(iii), must submit evidence with the motion to establish the alleged error in jail-time credit was not raised at sentencing.

{¶ 22} We acknowledge there may be instances where a record itself contains evidence to support a finding that the alleged error in jail-time credit was not raised at sentencing. For example, in *State v. Coyle*, 2d Dist. No. 23450, 2010-Ohio-2130, a case decided under prior law, the appellate court found that res judicata did not bar movant's motion for additional jail-time credit because the trial court "omitted any finding" as to the number of days of jail-time credit in its entry. *Id.* at ¶ 10. In the judgment of conviction and sentence in that case, there was a blank space where the court was to enter the amount of time that defendant was to receive for confinement credit. *Id.* Thus, the judgment entry of conviction and sentence in *Coyle* evidenced the fact that the issue of jail-time credit was not raised at sentencing. The Second District Court of Appeals in *Coyle* cautioned, however, that "[h]ad the court entered '0' or 'none' before the word 'days,' then Defendant's current claim would be barred by res judicata." *Id. See also State v. Smiley*, 10th Dist. No. 11AP-266, 2012-Ohio-4126, ¶ 13, distinguishing *Coyle*.

{¶ 23} By contrast, here, the trial court made a finding, pursuant to R.C. 2929.19(B)(2)(g)(i), that Gibson had been confined for a period of 49 days arising out of the offense for which he was being sentenced and included 49 days of jail-time credit in its sentencing entry. Thus, the sentencing entry in this case shows there were issues of jail-time credit raised and determined at sentencing. Gibson did not file a direct appeal. Therefore, the judgment of conviction and sentence in Gibson's case is final. We do not

---

[4] Contrary to the assertions in the dissent, *Smith* does not require the movant to submit a transcript of the sentencing hearing in order to establish that the alleged error in jail-time credit was not raised at sentencing.

perceive any violation of Gibson's due process rights in requiring him to produce some evidence with his motion to correct jail-time credit to establish the sentencing court's continuing jurisdiction to alter or amend a judgment of conviction and sentence that is otherwise final.

{¶ 24} The quality and quantity of proof required to establish the trial court's continuing jurisdiction over jail-time credit depends on the particular facts and circumstances in each case, and it is the trial court that must determine, in the first instance, whether the moving party has produced evidence sufficient to support a finding that the alleged error in jail-time credit was not raised at sentencing. Consistent with *Smith*, we hold that a movant's unsworn allegation that the alleged error in jail-time credit was not raised at sentencing is insufficient to establish the trial court's continuing jurisdiction under R.C. 2929.19(B)(2)(g)(iii).[5]

{¶ 25} For the foregoing reasons, we conclude *Smith* correctly sets forth the movant's burden of going forward on a motion for jail-time credit filed pursuant to R.C. 2929.19(B)(2)(g)(iii). Accordingly, we hold that the movant, not the state, has the threshold burden to provide an *evidentiary* basis for the sentencing court to determine whether it retains jurisdiction under R.C. 2929.19(B)(2)(g)(iii). *Smith* at ¶ 10; *Johnson* at ¶ 21; *Guiterres* at ¶ 15. It is the party moving the sentencing court to correct an error in jail-time credit, pursuant to R.C. 2929.19(B)(2)(g)(iii), who bears the burden of producing evidence with the motion to establish the alleged error in jail-time credit was not previously raised at sentencing.

{¶ 26} Because Gibson did not produce any evidence with his motion to support a finding that the alleged error in jail-time credit was not raised at sentencing, the trial court correctly determined that it did not have jurisdiction to consider the motion. For this reason, we overrule Gibson's assignment of error.

---

[5] Even if we were to conclude that Gibson's unsworn assertion that he did not learn of the alleged error in jail-time credit until after he was delivered to the institution amounts to an allegation that the alleged error in jail-time credit was not raised at sentencing, Gibson's unsworn assertion is insufficient to meet his burden in this case as it does not constitute evidence.

## III. CONCLUSION

{¶ 27} Having resolved the conflict between the judgment in *Gibson I* and *Smith*, we hereby vacate our judgment in *Gibson I*, overrule Gibson's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment vacated in Gibson I;*
*judgment affirmed.*

BROWN, J., KLATT, P.J., and LUPER SCHUSTER, J., concur.
DORRIAN, J., concurs in judgment only.
BRUNNER, TYACK, and HORTON, JJ., dissent.

DORRIAN, J., concurring in judgment only.

{¶ 28} I concur with the majority opinion because I agree (1) the initial burden to establish continuing jurisdiction lies with the movant, and (2) appellant did not meet the burden.

BRUNNER, J., dissenting.

{¶ 29} In the first decision in this appeal, *State v. Gibson*, 10th Dist. No. 17AP-200, 2017-Ohio-7254 ("*Gibson I*"), a three-judge panel of this Court reversed the trial court's denial of Gibson's jail-time credit correction motion, remanding the matter to the trial court. We held in that 2-1 decision: "Because Gibson's motion did state facts amounting to an assertion that he had not previously raised in his claim regarding jail-time credit, the trial court erred in deciding that Gibson's motion was not filed pursuant to R.C. 2929.19(B)(2)(g)(iii)." *Id.* at ¶ 1, 15. The dissent in *Gibson I* argued cases in addition to *State v. Smith*, 10th Dist. No. 15AP-209, 2015-Ohio-4465, as well as cases that relied on and interpreted *Smith,* as support for the proposition that a transcript must be provided with a motion under R.C. 2929.19(B)(2)(g)(iii) to supply the continuing jurisdiction of the trial court to correct jail-time credit errors not addressed at sentencing. *Gibson I* at ¶ 24-25.[6]

---

[6] The specific language from the dissent in *Gibson I* is:

> Because appellant did not file a transcript of the sentencing hearing or any other evidence establishing that the jail-time credit issue was not raised at sentencing, the trial court was without jurisdiction to consider the motion. *Johnson; Guiterres.*

{¶ 30} The Eleventh District Court of Appeals has specifically interpreted *Smith* as requiring a transcript to be filed with the motion. *State v. Guiterres,* 11th Dist. No. 2015-T-0116, 2016-Ohio-5572, ¶ 15-16 ("Moreover, in moving for additional credit, the defendant has the burden of demonstrating that their argument was not previously considered at sentencing. [*Smith*] at ¶ 10. *The record before this court does not have a transcript of the sentencing hearing. As a result, appellant cannot show whether the issue of his incarceration in the county jail was raised and considered at that time, thereby precluding its consideration in a postconviction motion. On this basis alone, the substance of appellant's argument cannot be addressed, and his sole assignment of error is without merit.*"). (Emphasis added.) *See also Gibson I* at ¶ 24-25.

{¶ 31} Following the State's motion for en banc review, and based on the dissent's arguments that *Smith* and the two other out-of-district appellate cases require a transcript, we determined that our holding in *Gibson I* was in conflict with our previous holding in *Smith*. We thus granted the State's motion for en banc review,[7] finding *Gibson I* to be in conflict with our previous holding in *Smith*.

{¶ 32} In resolving this conflict on the merits, the majority retains the stance in *Smith* that incarcerated applicants who seek to invoke the trial court's continuing jurisdiction to correct jail-time credit under R.C. 2929.19(B)(2)(g)(iii) must supply specific, evidentiary material to support their motion. The majority has further stated,

> The quality and quantity of proof required to establish the trial court's continuing jurisdiction over jail-time credit depends on the particular facts and circumstances in each case, *and it is the trial court that must determine, in the first instance, whether the moving party has produced evidence sufficient to support a finding that the alleged error in jail-time credit was not raised at sentencing.* Consistent with *Smith*, we hold that a movant's unsworn allegation that the alleged error in jail-time credit was not raised at sentencing is insufficient to establish

> For the foregoing reasons, I would hold that the trial court did not err when it denied appellant's motion for jail-time credit.

*Gibson I* at ¶ 24-25

[7] The majority now emphasizes that *Smith* did not per se require a transcript, even though *Smith* has been used time and again in arguing to require it. If this is the case, there is a real question about why en banc review was granted in the first instance, since a conflict appears more and more elusive.

the trial court's continuing jurisdiction under R.C. 2929.19(B)(2)(g)(iii).

(Emphasis added.) (Majority Decision ("*Gibson II*") at ¶ 24.)

{¶ 29} Accordingly, I respectfully dissent for two distinct reasons: one, that by judicially supplying additional obstacles (be it a transcript or an affidavit) to the statutory provisions for correction of jail-time credit, we unconstitutionally curtail the rights of citizens, whether they be incarcerated now or in the future; and two, because our decision impermissibly modifies the terms of the grant of jurisdiction given to the common pleas courts by the legislature in R.C. 2929.19(B)(2)(g)(iii) to correct certain errors in jail-time credit after sentencing.

{¶ 30} When we in effect modify the terms of R.C. 2929.19(B)(2)(g)(iii) with additional requirements such as a transcript or an affidavit that must be provided to gain the court's attention, and further hold as a matter of law that the trial court has jurisdiction to "determine the quality and quantity of proof required" to establish its own continuing jurisdiction, we impermissibly cross the line separating the powers of the State's three branches of government, stepping into the province of the legislature. (Majority Decision at ¶ 24.) This we cannot do. Ohio Constitution, Article IV, Section (B). ("The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided *by law*.") (Emphasis added.) For the purpose of explaining my reasons, I outline my concerns according to a delineated, progressive analysis.

## How *Smith* and *Gibson I* differ

{¶ 31} *Smith* and *Gibson I* are consistent with one another to the extent that both stand for the proposition that R.C. 2929.19(B)(2)(g)(iii) only permits a defendant to avoid application of a properly asserted defense of res judicata when the issue of jail-time credit error was "not previously raised at sentencing." *Smith* at ¶ 8-10; *Gibson I* at ¶ 9-10. But in *Smith*, decided before *Gibson I,* this Court held that, under R.C. 2929.19(B)(2)(g)(iii), an incarcerated individual seeking to correct jail-time credit bears an additional, unlegislated burden of producing a certain quality of evidence, described in *Smith* only as, "[g]iven the lack of evidence to support his motion, we conclude that appellant has not demonstrated that the trial court abused its discretion by denying his motion for jail-time credit," *with*

the motion to establish that the alleged error was not previously raised at sentencing, and that this must be done to avoid the application of res judicata. *Smith* at ¶ 10, 14. But in *Smith*, evidence such as a transcript was not for the purpose of invoking the continuing jurisdiction of the trial court. Rather, it was to avoid the application of the affirmative defense of res judicata. *Id.* at ¶ 8, in passim (using the word "jurisdiction" only once in a block quote of the statute and otherwise exclusively discussing res judicata).

{¶ 31} Production of a transcript and other evidentiary materials is, for most incarcerated individuals, beyond their financial reach and in effect becomes in itself a collateral sanction.[8] In *Gibson I*, we avoided this.

{¶ 32} In *Gibson I*, we also avoided a more global problem: When we in *Smith* required an incarcerated criminal defendant to request, pay for, and submit evidence such as a transcript or other documentary evidence,[9,10] from his or her original or other sentencing proceedings to survive what is tantamount to a presumption that res judicata applies, we ignored the proverbial piranha in the fish tank of the State's constitutionally mandated separation of powers. We in effect stepped into the shoes of the legislature by adding requirements for access to the courts to a statute that determines a trial court's continuing jurisdiction.

{¶ 33} Finally, in *Gibson I,* Gibson posited in his sole assignment of error the constitutional questions raised by the Fifth and Fourteenth Amendments of the U.S. Constitution. He asked us to balance all of these issues within the constitutional framework of equal protection and due process. Such an analysis was neither sought nor expressed in *Smith.*

---

[8] From a practical standpoint, if we determine the burden belongs to the incarcerated defendant, our next question faced will be whether such an individual (who is most likely indigent on account of incarceration) is entitled to a free transcript or other documentary evidence from the clerk or sheriff.

[9] It should be noted that a transcript may not always be the form of evidence submitted by a defendant seeking to correct jail-time credit. In *State v. Canty*, 10th Dist. No. 15AP-715, 2015-Ohio-5241, the incarcerated individual "provided documentation to the trial court indicating he was arrested and detained on February 14, 2013 in Madison County, Illinois as a 'Fugitive from Justice.' " *Id.* at ¶ 10. We characterized the jail-time credit error as being "asserted by Canty" as "not raised at sentencing," and we held that "res judicata does not bar Canty's request for additional jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii)." *Canty* at ¶ 11.

[10] We also noted in *Gibson I*, the State could have provided a transcript but "did not do so and instead argues that Gibson should have." *Gibson I* at ¶ 10, fn. 1.

**How the majority decision in the en banc *Gibson II* differs from *Smith* and *Gibson I***

{¶ 34}In *Gibson I,* we saw no requirement in the language of R.C. 2929.19(B)(2)(g)(iii) for the incarcerated individual to supply anything but a motion with an allegation that jail-time credit error existed that had not previously been raised at sentencing. In *Gibson II,* it appears that the majority steps away from the more extreme requirement implicated in *Smith,* argued by the State and endorsed by the dissent in *Gibson I,* of requiring the incarcerated movant to file a transcript; rather, the *Gibson II* majority now requires an affidavit. But an affidavit is not required by the statute, either. Thus, more in keeping with *Smith*, the majority would require an affidavit to be submitted to accompany or be part of an R.C. 2929.19(B)(2)(g)(iii) motion rather than to give effect to the plain language of the statute.

{¶ 35}In *Gibson I,* we reached our decision in recognition of the fact that R.C. 2929.19(B)(2)(g)(iii) expands or continues the jurisdiction of the trial court to make jail-time credit correction under particular circumstances set forth in the statute. Now, under *Gibson II,* instead of overruling those parts of *Smith* that the State and the dissent in *Gibson I* argue impose a transcript requirement to avoid res judicata, the majority holds that an affidavit must be submitted, which may not be enough if the trial court does not think so (Majority Decision at ¶ 24), instead of a transcript under R.C. 2929.19(B)(2)(g)(iii)—and this is necessary just to gain the trial court's attention to correcting potential error in how much time a person may legally and constitutionally be locked up.

**Constitutional underpinnings to R.C. 2929.19(B)(2)(g)(iii)**

{¶ 36} The Constitution requires that " '*all* time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency *must* be credited to his sentence.' " (Emphasis sic.) *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7; *see also Tate v. Short*, 401 U.S. 395 (1971); *Williams v. Illinois*, 399 U.S. 235 (1970); *Griffin v. Illinois*, 351 U.S. 12 (1956). Before this constitutional right can be procedurally forfeited, due process must be observed.

{¶ 37} As the Second District Court of Appeals recently observed:

> We have held that due process requires that a defendant be given notice of, and an opportunity to be heard regarding, the findings the court intends to make on jail-time credit. If an opportunity to be heard did not occur during the sentencing hearing, often because the necessary facts concerning a defendant's confinement are not then known to the court, "the court must make a delayed determination, and due process then requires that the defendant have notice of and an opportunity to be heard concerning the finding the court proposes to make." *State v. Flemings*, 2d Dist. Montgomery No. 24615, 2011-Ohio-4286, ¶ 33-34, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130.

*State v. Wade*, 2d Dist. No. 2015-CA-45, 2015-Ohio-5171, ¶ 13. In recognition of the gravity of jail-time credit determinations, the Supreme Court of Ohio has recognized that a judgment of conviction and sentence required by Crim.R. 32(C) entails a factual determination of the number of days of confinement by which the department of rehabilitation and correction must reduce the sentence the court imposes. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7.

**<u>Understanding a sentencing court's continuing jurisdiction versus the barring of claims because of res judicata</u>**

{¶ 38} In tension with the constitutional right to jail-time credit and the due process right to be heard on the factual determination of jail-time credit, there are two frames of reference in correcting or modifying jail-time credit after the time for direct appeal: First, the trial court relinquishes jurisdiction following final judgment except to correct void judgments and clerical errors. *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 20. Second, res judicata provides the State with an equitable defense to preclude arguments that jail-time credit awarded was incorrect if the arguments were raised or could have been raised at trial or on direct appeal. *State v. Breeze*, 10th Dist. No. 15AP-1027, 2016-Ohio-1457, ¶ 7-9. Though analyses of these concepts are often taken together in cases involving jail-time credit, a court's jurisdiction and res judicata remain separate legal concepts. "Jurisdiction" refers to a court's power to hear a case (subject-matter jurisdiction) and to assert authority over the parties (personal jurisdiction). *In re L.H.*, 10th Dist. No. 06AP-23, 2006-Ohio-4116, ¶ 7. " 'Res judicata,' " by contrast, is a combination of issue preclusion and claim preclusion that one party may assert to estop the other from relitigating matters

already decided.  *Breeze* at ¶ 7, quoting *Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, ¶ 7.

{¶ 39} As for the question of jurisdiction, the Supreme Court has time and again "recognized that 'trial courts lack authority to reconsider their own valid final judgments in criminal cases.' "  *Raber* at ¶ 20, quoting *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338 (1997), citing *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597 (1992).  But it has long been established that trial courts nonetheless "retain continuing jurisdiction to correct a void sentence and to correct a clerical error in a judgment."  *Raber* at ¶ 20, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19.  Among the clerical errors that trial courts have always retained jurisdiction to correct are "mathematical errors" in computing jail-time credit.

{¶ 40} In addition to framing the question in terms of continuing jurisdiction, we also have previously held that jail-time credit correction should not be foreclosed by res judicata.  *State v. Canty*, 10th Dist. No. 15AP-715, 2015-Ohio-5241, ¶ 9; *State v. Lee*, 10th Dist. No. 11AP-721, 2012-Ohio-1761, ¶ 6; *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567, 573 (10th Dist.1991).  Res judicata generally bars a criminal defendant from litigating claims after direct appeal if the issue was raised or could have been raised before the trial court or on a direct appeal[11] from the trial court's judgment.  *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92.  However, res judicata does not automatically apply without being raised as an affirmative defense, and it is subject to forfeiture, just as are constitutional arguments.  Thus, the party asserting res judicata usually bears the burden of showing entitlement to the defense, and the defense does not apply in situations where it would be unjust to apply it, as explained further.

{¶ 41} Res judicata is not contemplated directly in the Ohio Rules of Criminal Procedure, but Crim.R. 57(B) requires that we "look to the rules of civil procedure and to the applicable law" in their absence.[12]  Civ.R. 8(C) classifies "res judicata" as an "affirmative defense."  Interpretive caselaw is consistent with this designation, even in the context of

---

[11] "Jail-time credit determinations can be challenged in a direct appeal."  *Canty* at ¶ 7.
[12] "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."  Crim.R. 57(B).

criminal cases. *State v. Lelux*, 10th Dist. No. 97APA10-1308, 1998 WL 303884, 1998 Ohio App. LEXIS 2547, *5 (June 11, 1998); *see also, e.g., State v. Williams*, 8th Dist. No. 103144, 2016-Ohio-2629, ¶ 9.

{¶ 42} The Supreme Court has held that, "because res judicata is an affirmative defense * * * resolution of a res judicata defense typically requires resort to materials outside the pleadings." (Citations omitted.) *State ex rel. West v. McDonnell*, 139 Ohio St.3d 115, 2014-Ohio-1562, ¶ 16; *see also Midfed Sav. Bank v. Martin*, 12th Dist. No. CA91-12-202, 1992 WL 165143, 1992 Ohio App. LEXIS 3677, *6 (July 13, 1992), quoting *Freeman v. Beech Aircraft Corp.*, 12th Dist. No. CA80-11-119, 1983 Ohio App. LEXIS 15878, *11 (Sept. 30, 1983) (stating " 'the party relying on res judicata or collateral estoppel has the burden of showing that precisely the same issue was adjudicated in the prior case as arises in the subsequent case' ").

{¶ 43} The initial burden was on the State to demonstrate that res judicata applied by showing that Gibson "raised or could have raised the issue" of jail-time credit at sentencing. (Emphasis omitted.) *Jackson* at ¶ 92. Requiring a transcript of an incarcerated defendant who seeks correction of jail-time credit, underpinned by *Smith, Johnson*, and *Guiterres* at ¶ 15-16, in order to overcome a res judicata defense of the State is an affront to due process.[13]

{¶ 44} Finally, the Supreme Court has held that res judicata (unlike want of jurisdiction) is only to be " 'applied in particular situations as fairness and justice require, *and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.*' " (Emphasis sic.) *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491 (2001), quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 386 (1995) (Douglas, J. dissenting); 46 American Jurisprudence 2d, Judgments, Section 522, at 786-87 (1994); *see also, e.g., State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, ¶ 47.

{¶ 45} Because the Ohio Constitution, Article IV, Section (B), establishes common pleas courts' jurisdiction to be "as may be provided by law," only the legislature can expand

---

[13] Under *Gibson I,* at a hearing, Gibson would have had the burden to prove his allegations of error in the computation of his jail-time credit, and the State would have had the burden to prove its affirmative defense, i.e., to show that res judicata applied, because the matter of jail-time credit error asserted by Gibson had been or could have been previously raised at the trial level or on appeal.

or contract the provisions of its own statute. The phrase "as provided by law" in the Constitution of Ohio "must be given its plain, ordinary and usual meaning and that meaning must be uniform in all the parts of the constitution and * * * it means an act of the general assembly of this state * * *." *Fitzgerald v. Cleveland*, 88 Ohio St. 338, 400 (1913) (Donahue, J., dissenting). *See also Weiss v. Kearns*, 117 Ohio App. 393, 413 (8th Dist.1963) (Skeel, C.J., dissenting) ("But even if it should be concluded that by simply changing the place of the words, 'as provided by law,' in the jurisdictional grant of the Constitution, defining the jurisdiction of the Courts of Appeals, from the end of the clause to a place near the beginning, it was the purpose of the constitutional amendment to return to the Legislature (as was true prior to 1912) the right to fix and control the jurisdiction of the Courts of Appeals, then such right would be circumscribed by the phrase to review, affirm, modify, set aside, or reverse judgments or final orders, thus limiting the power of the Legislature to provide for appeals on questions of law.") (citations omitted); and *Libertarian Party of Ohio v. Husted*, 10th Dist. No. 16AP-496 2017-Ohio-7737, ¶ 34 ("Indeed, by stating that petitions are to be made 'as provided by law,' the provision [Ohio Constitution, Article V, Section 7] explicitly reserves the proper construction of such petitions to subsequent enactments by the General Assembly.").

{¶ 46} We may only interpret but not add words to the statute, which is by state constitutional definition what is "provided by law." *Id.* Rather than to insert ourselves into the policymaking role of the legislature, we should recognize, like it or not, that in R.C. 2929.19(B)(2)(g)(iii), the legislature codified and expanded the jurisdiction of the common pleas courts to reconsider their decisions in criminal cases in stated circumstances. In doing so, the legislature carefully extended the continuing jurisdiction of a sentencing court and thereby afforded an exception to the common law defense of res judicata:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [regarding jail-time credit]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination [regarding jail-time credit], and the court may in its discretion grant or deny that motion. * * * Sections [governing petitions for postconviction relief and motions for new trials] do not apply to a motion made under this section.

R.C. 2929.19(B)(2)(g)(iii). The Supreme Court has recognized this as an expansion of trial court jurisdiction and noted that, prior to this enactment, motions to correct jail-time credit were frequently "barred by the doctrine of res judicata," but after the enactment "an offender can *file a motion to correct an error* in determining jail-time credit 'at any time after sentencing' and the sentencing court has authority to correct any error in determining jail-time credit that was 'not previously raised at sentencing.' " (Emphasis added.) *See State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 11-12, quoting R.C. 2929.19(B)(2)(g)(iii).

{¶ 47} In laying the foundation for judicially imposing certain evidentiary requirements in *Smith* and specifically extending them in *Gibson II* even to trial courts, we make easier for trial courts to conflate continuing jurisdiction (set by statute) with res judicata (a defense proffered by the State). *State ex rel. West* at ¶ 16. We dishonor the constitutional rights of incarcerated defendants, and we tread unconstitutionally in areas not meant for us. We do not set the jurisdiction of trial courts; the legislature does. Ohio Constitution, Article IV, Section (B).

### *Gibson II:* Requiring an affidavit instead of a transcript, as *Smith* requires

{¶ 48} According to the statute, the operative action Gibson was required to take was to "file a motion" that asserted that the issue of jail-time credit he raised had not been raised at sentencing. As noted, there is no requirement for the filing of a transcript or an affidavit to support his allegation. R.C. 2929.19(B)(2)(g)(iii); *Smith* at ¶ 14; *Guiterres* at ¶ 15-16. Nor does Crim.R. 47 require a transcript to be filed. Instead, Crim.R. 47 merely requires that Gibson's motion be stated with particularity and that such motion *may* be supported by affidavit.

{¶ 49} By its plain language, R.C. 2929.19(B)(2)(g)(iii) vests a trial court with continuing jurisdiction to review "any" jail-time credit error not previously raised at sentencing, regardless of whether the alleged error is legal or mathematical in nature. We saw no basis in *Gibson I* for requiring the defendant to submit a transcript to invoke the trial court's jurisdiction and I see none now.

{¶ 50} Whether either a movant or the State uses a transcript to satisfy their burden of proof or whether they use other material such as an affidavit depends on the record and on each party's strategy in successfully meeting their burdens of proof. To cause the moving

party to bear both the burden of proving allegations in a motion as well as disproving an affirmative defense such as res judicata is tantamount to requiring the State in the initial criminal case to prove the lack of an affirmative defense in proving the commission of a crime, whether or not the defense is raised. This can hardly be what the Ohio General Assembly meant when it drafted R.C. 2929.19(B)(2)(g)(iii).

**Failure to honor state constitutionally established separation of powers**

{¶ 51} Having established that *Smith* specifies that it is "the movant[]'s burden to demonstrate" an entitlement to the statutory exception with the production of what has heretofore been argued to require a transcript at the time of the filing of a motion under R.C. 2929.19(B)(2)(g)(iii), the en banc majority's requirement of an affidavit is substantively little different from requiring an incarcerated defendant to provide a transcript with his or her motion to correct jail-time credit. *Smith* at ¶ 7-10. This is because the incarcerated movant is still required to undertake activity that the statute does not mandate.

{¶ 52} In *Gibson II,* we, as a court, have *judicially* determined what supplies the continuing jurisdiction of the state's trial courts by imposing new requirements to the very statute that declares it—R.C. 2929.19(B)(2)(g)(iii). Under Ohio Constitution, Article IV, Section (B), only the legislature can do this.

{¶ 53} In *Smith*, we assiduously avoided this question and instead embraced the concept of what such an incarcerated defendant must do to avoid res judicata. We should have examined the fact that our decision to impose evidentiary requirements at the outset of the filing of a motion impermissibly operated to limit the legislature's power to determine courts' jurisdiction. Whether it is in *Smith* or in the decision of the en banc majority in *Gibson II*, we cannot undertake this role. *Fitzgerald*; *Weiss*; *Libertarian Party of Ohio.*

{¶ 54} The people of this State have spoken through their Constitution, and they have not authorized us in their delegation of self-governance to determine our own or any other court's jurisdiction. Nor have they authorized that we release the common pleas court from the jurisdiction "as provided by law" to determine its own jurisdiction. Ohio Constitution, Article IV, Section (B); Majority Decision at ¶ 24.

{¶ 55} I dissent based on the unshakeable conviction that we must heed our state constitutional limits of this power. Judges of the courts of appeal act as arbiters between

those people who have submitted the resolution of their problems to the trial and administrative courts of this State and those officers of the court who directly impose the rule of law in resolving them.  We must identify and cause to be corrected both the neglect and abuse of that process so that the very law in which the people trust is not used unfairly against them. Thus, it is not for us to add language to the statute that does not exist— especially when that language defines the jurisdiction of the common pleas courts of this State whose decisions we must carefully review.  We must heed the call of judicial restraint rather than impose procedures that may well result in restraint of our people beyond what is legally and constitutionally permissible.

{¶ 56}  Accordingly, I would hold that the trial court erred in finding that Gibson had failed to allege that the claimed error in his jail-time credit was not raised at sentencing.  I would further hold that the trial court erred as a matter of law in rejecting on res judicata grounds the merits of Gibson's motion for additional jail-time credit on the filing of the motion, and I would sustain Gibson's assignment of error.  For the reasons stated in this opinion, I respectfully dissent from the decision of the majority en banc.

TYACK and HORTON, JJ., join in the foregoing dissent.

_____